**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

FILED
NOV 21 2018
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

| UNITED STATES DISTRICT COURT | District: **Southern** |
|---|---|
| Name (under which you were convicted): Jeffrey Lee Finley | Docket or Case No.: 3:18-cv-1464 |
| Place of Confinement: Mount Olive Correctional Complex<br>One Mountainside Way<br>Mount Olive, WV 25185 | Prisoner No.: 3465476 |

| Petitioner (include the name under which convicted) | Respondent (authorized person having custody of Petitioner) |
|---|---|
| Jeffrey L. Finley | v.  Donald F. Ames, Superintendent |

The Attorney General of the State of: West Virginia  **Patrick Morrisey**

## PETITION

1. (a) Name and location of court that entered the judgement of your conviction you are challenging: <u>Cabell County Circuit Court  Cabell County Courthouse   750 Fifth Avenue Huntington, WV 25701</u>

   (b) Criminal docket or case number (if you know): <u>Case No. 03-F-103</u>

2. (a) Date of the judgment of conviction (if you know): <u>September 29, 2004</u>

   (b) Date of sentencing: <u>October 12, 2004</u>

3. Length of sentence: <u>Fifteen (15) Years to Life With the Possibility of Parole, Ten (10) to Twenty-Five (25) Years, and Ten (10) to Twenty-Five (25) Years Incarceration With All Sentences Ran Consecutive</u>

4. In this case, were you convicted on more than one count or of more than one crime?
   Yes ☒   No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: <u>One (1) Count of First Degree Murder and Two (2) Counts of Second Degree Sexual Assault</u>

6. (a) What was your plea? (Check One)
   ☒ (1) Not Guilty         ☐ (2) Nolo Contendere (no contest)
   ☐ (2) Guilty             ☐ (4) Insanity plea

1

(b) If you entered a guilty plea to one count or charge and a not guilty to plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒ Judge Only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?

Yes ☒ No ☐

9. If you did appeal, answer the following :

(a) Name of Court: West Virginia Supreme Court of Appeals

(b) Docket or case number (if you know): 06-32961

(c) Result: Conviction Affirmed with the Sentence Reversed and Remanded with Directions

(d) Date of Result (if you know): November 16, 2006

(e) Citation to the case (if you know): 219 W. Va. 747; 639 S.E.2d 839; 2006 W. Va. LEXIS 116

(f) Grounds raised: The defendant was required to wear jail or prison clothing during the penalty phase of a bifurcated murder trial.

(g) Did you seek further review by a higher state court?

Yes ☐ No ☒

If yes, answer the following:

(1) Name of Court: N/A

(2) Docket or Case Number (if you know): N/A

(3) Result: N/A

(4) Date of Result (if you know): N/A

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?

Yes ☐ No ☒

If yes, answer the following:

(1) Docket or case number (if you know): N/A

2

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning ths judgment of conviction in any state court?

Yes ☒ No ☐

11. If your answer to 10 was "Yes," give the following information:

(a) (1) Name of Court: Cabell County Circuit Court

(2) Docket or case number (if you know): 10-C-842

(3) Date of filing (if you know): Unknown

(4) Nature of the proceeding: Petition For Writ of Habeas Corpus

(5) Grounds raised: (1) The trial court denied the defendant the right to be present at all critical stages of the trial when the trial judge communicated with the jury on two separate occasions while they were deliberating, (2) Petitioner received ineffective assistance of counsel when defense counsel failed to have an independent DNA expert retest petitioner's DNA sample against the DNA found on the victims body and request that petitioner be present at two off-the-record communications between the judge and the jury and that defense counsel was ineffective due to a severe medical illness which resulted in his inability to sufficient ability to defend the case (3) The circuit court erred in concluding that the State was not required to disclose a police report the victim filed accusing the petitioner's wife of stealing jewelry from her home (4) The circuit court erred in admitting the DNA evidence linking petitioner to the crime because (a) the evidence obtained from the victims body was not properly protected against contamination when the State failed to establish a chain of custody of the victim's body as it was transported from her home to the medical examiner's office (b) the sample of the petitioner's blood obtained by the police was improperly stored at the home of one of the investigating officers and was thus subject to contamination (5) Prejudicial remarks made or elicited by the prosecutor were prejudicial and resulted in an unfair trial (6) Double jeopardy violated by the circuit court's failure to give a felony murder instruction.

3

(6) Did you receive a hearing where evidence was given on your petition, application or motion?
Yes ☒   No ☐

(7) Result: Denied

(8) Date of result (if you know): December 29, 2016

(b) If you filed any second petition, application or motion, give the same information:

(1) Name of Court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application or motion?
Yes ☐   No ☒

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) If you filed any third petition, application or motion, give the same information:

(1) Name of Court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application or motion?
Yes ☐   No ☒

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?
(1) First Petition:       Yes ☒   No ☐
(2) Second Petition:  Yes ☐   No ☒
(3) Third Petition:     Yes ☐   No ☒

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

4

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

   **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE: <u>Petitioner's Rights Under The Sixth Amendment To The United States Constitution Were Violated When The Trial Court Judge Met Twice With The Jury While They Were Deliberating Out Of The Presence Of The Petitioner Violating His Right To Be Present At All Critical Stages Of The Trial</u>**

(a) **Supporting Facts** (Do not argue or cite law. Just state the specific facts that support your claim) :

<u>When the jury retired to begin deliberations, the Court had communication with jurors out of the presence of the petitioner on two separate occasions in violation of petitioner's right to be present at all critical stages of his trial. The petitioner argues that both of the foregoing meetings between the judge and the jury were critical stages of the proceedings which he had a constitutional right to be present at each meeting.</u>

(b) If you did not exhaust your state remedies on Ground One, explain why: <u>N/A</u>

(c) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?:

   Yes ☐  No ☒

   (2) If you did **not** raise the issue in your direct appeal, explain why: <u>Petitioner's appellate counsel never identified the claim for direct appeal purposes.</u>

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   Yes ☒  No ☐

   (2) If your answer to Question (d)(1) is "Yes" state:

   Type of motion or petition:<u> Petition for Writ of Habeas Corpus</u>

   Name and location of the court where the motion or petition was filed: <u>Cabell County Circuit Court  Cabell County Courthouse    750 Fifth Avenue Huntington, WV 25701</u>

   Docket or case number (if you know):<u> 10-C-842</u>

Date of the court's decision: December 29, 2016

Result (attach a copy of the court's opinion or order, if available): Writ Denied

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

(5) If you answer to Question (d)(4) is "Yes" did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes" state:

Name and location of the court where the appeal was filed: West Virginia Supreme Court of Appeals   State Capitol   1900 Kanawha Blvd. East   Charleston, WV 25305

Docket or case number (if you know): 17-0084

Date of the court's decision: June 8, 2018

Result (attach a copy of the court's opinion or order, if available): Order Denying Writ of Habeas Corpus Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue: N/A

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Filed Petition for Rehearing with the West Virginia Supreme Court of Appeals

**GROUND TWO: Petitioner's Due Process Rights Under The Sixth Amendment To The United States Constitution Were Violated When His Attorney Provided Ineffective Assistance Of Counsel**

**(a) Supporting Facts** (Do not argue or cite law. Just state the specific facts that support your claim):

**(I)    Counsel Failed To Have An Independent DNA Expert Retest The Evidence**

The State's case against Petitioner was based almost entirely on the "weak" DNA evidence from a secondary source found on the victim's body that independent testing would have shown did not match the Petitioner's DNA. Despite this "weak" DNA evidence from a secondary source, Petitioner's attorney did not have it independently tested to either confirm or contest the State's test results. Petitioner's counsel simply relied on the State's testing and did no independent investigation or held the State's expert to meaningful adversarial testing.

**(II)    Counsel Failed To Request The Petitioner's Presence When The Judge Had Two**

6

### Off-The-Record Communications With The Jury

Petitioner's defense counsel was ineffective for failing to request that Petitioner be present during the off-the-record communications between the judge an the jury during deliberations. A criminal defendant has a right to be present during all critical stages of trial which would include any communications between the judge and the jurors. Because Petitioner's counsel did not protect his constitutional right to be present he can never be assured that the judge made no comments to the jury which could have affected the outcome of his case and led to his conviction.

### (III) Counsel Was Unable To Sufficiently Defend Petitioner When He Suffered A Severe Medical Illness During The Course Of Trial

The record of the case clearly shows that Petitioner's trial counsel fell ill during the course of his trial. The proceedings were recessed for several days due to trial counsel's sickness. After the trial resumed, counsel was shaking and hesitating and did not seem well. Counsel apparent illness had a severe impact on his performance and his ability to sufficiently defend his client. Trial counsel seemed confused and failed to object to obvious errors by the State and overall acted as if he was not coherent which left the Petitioner basically without any attorney to defend his case.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?:

Yes ☐    No ☒

(2) If you did **not** raise the issue in your direct appeal, explain why: Petitioner's appellate counsel never identified the claim for direct appeal purposes.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☒    No ☐

(2) If your answer to Question (d)(1) is "Yes" state:

Type of motion or petition: Petition for Writ of Habeas Corpus

7

Name and location of the court where the motion or petition was filed: <u>Cabell County Circuit Court  Cabell County Courthouse   750 Fifth Avenue Huntington, WV 25701</u>

Docket or case number (if you know): <u>10-C-842</u>

Date of the court's decision: <u>December 29, 2016</u>

Result (attach a copy of the court's opinion or order, if available): <u>Writ Denied</u>

(3) Did you receive a hearing on your motion or petition?

Yes ☒   No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If you answer to Question (d)(4) is "Yes" did you raise this issue in the appeal?

Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes" state:

Name and location of the court where the appeal was filed: <u>West Virginia Supreme Court of Appeals   State Capitol  1900 Kanawha Blvd. East   Charleston, WV 25305</u>

Docket or case number (if you know): <u>17-0084</u>

Date of the court's decision:<u> June 8, 2018</u>

Result (attach a copy of the court's opinion or order, if available):<u> Order Denying Writ of Habeas Corpus Affirmed</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:<u> N/A</u>

**(e) Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:<u> Filed Petition for Rehearing with the West Virginia Supreme Court of Appeals</u>

**GROUND THREE: <u>Petitioner's Due Process Rights Under The Sixth Amendment To The United States Constitution Were Violated When The Circuit Court Erred In Concluding that the State Was Not Required To Disclose A Police Report The Victim Filed In Which She Accused The Petitioner's Wife Of Stealing A Piece Of Jewelry From Her Home</u>**

**(a) Supporting Facts** (Do not argue or cite law. Just state the specific facts that support your claim):

<u>Seven months before the victim's death she file a police report claiming that the Petitioner's wife had stolen jewelry from her home.  The report was introduced at trial by the State to impeach the wife's testimony that she and the Petitioner were close friends of the victim, that they frequently helped her around the house, and that they generally looked out for her well-being.</u>

8

Despite the exculpatory nature of the police report, the State failed to turn it over to defense counsel in discovery which failure was upheld by the trial court. Petitioner argues that the report was potentially exculpatory evidence as it could have been used to show that someone other than the Petitioner could have committed the crimes for which he was charged and convicted given the highly questionable DNA match.

The State's failure to disclose the report violated Petitioner's constitutional right to a fair trial as he could have argued that the questionable DNA samples were planted by his wife to frame the Petitioner. Further, had the defense been provided with the report, his whole defense strategy could have been different as the report showed motive for his wife to commit the crimes.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?:

Yes ☐ No ☒

(2) If you did **not** raise the issue in your direct appeal, explain why: Petitioner's appellate counsel never identified the claim for direct appeal purposes.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes" state:

Type of motion or petition: Petition for Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Cabell County Circuit Court  Cabell County Courthouse   750 Fifth Avenue Huntington, WV 25701

Docket or case number (if you know): 10-C-842

Date of the court's decision: December 29, 2016

Result (attach a copy of the court's opinion or order, if available):  Writ Denied

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

(5) If you answer to Question (d)(4) is "Yes" did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes" state:

Name and location of the court where the appeal was filed:   West Virginia Supreme Court of Appeals   State Capitol  1900 Kanawha Blvd. East   Charleston, WV 25305

9

Docket or case number (if you know): 17-0084

Date of the court's decision: June 8, 2018

Result (attach a copy of the court's opinion or order, if available): Order Denying Writ of Habeas Corpus Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue: N/A

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Filed Petition for Rehearing with the West Virginia Supreme Court of Appeals

**GROUND FOUR: Petitioner's Due Process Rights Under The Sixth Amendment To The United States Constitution Were Violated When The Court Allowed The DNA Evidence To Be Admitted At Trial**

(a) **Supporting Facts** (Do not argue or cite law. Just state the specific facts that support your claim):

**(I)** **The Evidence Obtained From The Victim's Body Was Not Properly Protected Against Contamination Because The State Failed To Establish A Chain-Of-Custody Of The Victim's Body As It Was Transported From Her Home To The Medical Examiner's Body**
During the trial it became obvios that the State provided no records to show how and when the victim's body was removed from her hom or when it arrived at the medical examiner's office. The failure to account for the whereabouts of the victim's body calls into question any evidence recovered and violates the Petitioner's due process rights to a fair trial.

**(II)** **The Sample Of Petitioner's Blood Obtained By Police While He Was In Wisconsin Was Improperly Stored At The Home Of One Of The Investigating Officers And Was Subject To Contamination**
When the police from West Virginia collected Petitioner's blood sample he was in Wisconsin. After traveling to and from Wisconsin, one of the investigating officers returned home and stored a sample that was supposedly from the Petitioner for three days at his house. The investigating officer explained this unusual and highly prejudicial storage practice as one of necessity as no one was at the police station to store the evidence. The posibility of contamination or tampering with the DNA evidence is simply too high to allow the evidence before the jury and is in violation of Petitioner's due process right to a fair trial.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

10

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?:

Yes ☐ No ☒

(2) If you did **not** raise the issue in your direct appeal, explain why: <u>Petitioner's appellate counsel never identified the claim for direct appeal purposes.</u>

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes" state:

Type of motion or petition: <u>Petition for Writ of Habeas Corpus</u>

Name and location of the court where the motion or petition was filed: <u>Cabell County Circuit Court  Cabell County Courthouse   750 Fifth Avenue Huntington, WV 25701</u>

Docket or case number (if you know): <u>10-C-842</u>

Date of the court's decision: <u>December 29, 2016</u>

Result (attach a copy of the court's opinion or order, if available): <u>Writ Denied</u>

(3) Did you receive a hearing on your motion or petition?
Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐

(5) If you answer to Question (d)(4) is "Yes" did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes" state:

Name and location of the court where the appeal was filed: <u>West Virginia Supreme Court of Appeals   State Capitol  1900 Kanawha Blvd. East   Charleston, WV 25305</u>

Docket or case number (if you know): <u>17-0084</u>

Date of the court's decision: <u>June 8, 2018</u>

Result (attach a copy of the court's opinion or order, if available): <u>Order Denying Writ of Habeas Corpus Affirmed</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue: <u>N/A</u>

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: <u>Filed Petition for Rehearing with the West Virginia Supreme Court of Appeals</u>

13. Please answer these additional questions about the petition you are filing:
   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

11

Yes ☒   No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N/A

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: No

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?
Yes ☐   No ☒

If "Yes" state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.
N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?
Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:
N/A

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing : David Brown   Address Unknown

(b) At arraignment and plea : Unknown

(c) At trial : Gerald Henderson   Address Unknown

(d) At sentencing : Gerald Henderson   Address Unknown

(e) On appeal : Russell Cook Public Defender Corp- 6th & 24th Judicial Circuit 734 4th Avenue Huntington, WV 25701

(f) In any post-conviction proceeding : Eric B. Anderson   418 9th Street   Huntington, WV 25701

(g) On appeal from any ruling against you in a post-conviction proceeding : Eric B. Anderson   418 9th Street   Huntington, WV 25701

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?
Yes ☐   No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

12

(b) Give the date the other sentence was imposed: _N/A_

(c) Give the length of the other sentence: _N/A_

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?
Yes ☐   No ☒

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition:

<u>The instant "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY" is timely due to the Petitioner's filing of collateral attacks against his conviction which effectively tolled the one-year period of limitations pursuant to the "AEDPA" beginning with his Direct Appeal and subsequent Petition For Writ Of Habeas Corpus pursuant to West Virginia Code § 53-4A-1 et seq.</u>

***The Antiterrorism and Effective Death Penalty Act of 1996*** ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Petitioner asks that the Court grant the following relief: That the Petitioner's conviction be **Vacated,** the sentence imposed **Voided**, the case be remanded back to the Circuit Court of Cabell County, West Virginia with instruction that he be given a new trial. Further, the

Petitioner requests that in the event of an adverse ruling by this Court, that a Certificate of Appealability (COA) be granted or any other relief petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on this ___19th___ Day of ___Nov___, 20__18__.

Executed (signed) on ___19th Nov___, 20__18__.

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. __N/A__

**GROUND FIVE: <u>Petitioner's Due Process Rights Under The Sixth Amendment To The United State Constitution Were Violated By The Prejudicial Remarks Made Or Elicited By The Prosecutor During Trial</u>**

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
<u>During the course of petitioner's trial the prosecutor either stated himself or elicited remarks that were prejudicial to the Petitioner and resulted in him receiving an unfair trial. Three times during closing arguments, the prosecutor referred to "uncontradicted" DNA evidence that linked Petitioner to the crimes. These statements by the prosecutor improperly remarked to the jury that Petitioner failed to prove his innocence by not presenting expert scientific evidence that contradicted the State's DNA test results.</u>

<u>Also, during the State's opening and closing arguments, the prosecutor stated, that the victim was forced to drink rubbing alcohol which was never supported by the evidence. Finally, the prosecutor and several witnesses on the State's prompting repeatedly referred to the victim's advanced age of ninety-two, which was not an element of any of the crimes charged and can only be viewed as the State' attempt to inflame the jury against the Petitioner.</u>

(b) If you did not exhaust your state remedies on Ground One, explain why: <u>N/A</u>

(c)  **Direct Appeal of Ground One:**
(1) If you appealed from the judgment of conviction, did you raise this issue?:
Yes ☐  No ☒
(2) If you did **not** raise the issue in your direct appeal, explain why:  <u>Petitioner's appellate counsel never identified the claim for direct appeal purposes.</u>

(d)  **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☒  No ☐
(2) If your answer to Question (d)(1) is "Yes" state:
Type of motion or petition:<u> Petition for Writ of Habeas Corpus</u>
Name and location of the court where the motion or petition was filed:  <u>Cabell County Circuit Court  Cabell County Courthouse   750 Fifth Avenue Huntington, WV 25701 </u>

1

Docket or case number (if you know): 10-C-842
Date of the court's decision: December 29, 2016
Result (attach a copy of the court's opinion or order, if available): Writ Denied
(3) Did you receive a hearing on your motion or petition?
Yes ☒   No ☐
(4) Did you appeal from the denial of your motion or petition?
Yes ☒   No ☐
(5) If you answer to Question (d)(4) is "Yes" did you raise this issue in the appeal?

Yes ☒   No ☐
(6) If your answer to Question (d)(4) is "Yes" state:
Name and location of the court where the appeal was filed: West Virginia Supreme Court of Appeals   State Capitol   1900 Kanawha Blvd. East   Charleston, WV 25305
Docket or case number (if you know): 17-0084
Date of the court's decision: June 8, 2018
Result (attach a copy of the court's opinion or order, if available): Order Denying Writ of Habeas Corpus Affirmed
(7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue: N/A

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Filed Petition for Rehearing with the West Virginia Supreme Court of Appeals

**GROUND SIX: Petitioner's Due Process Rights Under The Sixth Amendment To The United States Constitution's Prohibition Against Double Jeopardy Were Violated When The Court Failed To Give A Jury Instruction On Felony Murder**

(a)    Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
From the very outset of the State's presentment of its case against the Petitioner, it was

obvious that the prosecutor was relying on the felony murder theory to convict the Petitioner.

Double jeopardy clearly prohibits and accused charged with felony murder from being tried or

punished for both the murder and the underlying enumerated felony.

The lack of any jury instruction to distinguish between the two categories of first degree

murder– willful, deliberate, and premeditated killing and felony murder violates double jeopardy.

The State clearly proceeded to convict the Petitioner under the felony murder theory which meant

that he had a right for the jury to be given a choice of which theory of murder he committed.

2

Because the jury was not instructed on felony murder, which the State's case in chief was presented as, means that the Petitioner was convicted under a felony murder theory and punished under the first degree theory which included punishment for the underlying felonies.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**
(1) If you appealed from the judgment of conviction, did you raise this issue?:
Yes ☐ No ☒
(2) If you did **not** raise the issue in your direct appeal, explain why: Petitioner's appellate counsel never identified the claim for direct appeal purposes.

(d) **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☒ No ☐
(2) If your answer to Question (d)(1) is "Yes" state:
Type of motion or petition: Petition for Writ of Habeas Corpus
Name and location of the court where the motion or petition was filed: Cabell County Circuit Court  Cabell County Courthouse   750 Fifth Avenue Huntington, WV 25701
Docket or case number (if you know): 10-C-842
Date of the court's decision:  December 29, 2016
Result (attach a copy of the court's opinion or order, if available):  Writ Denied
(3) Did you receive a hearing on your motion or petition?
Yes ☒ No ☐
(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐
(5) If you answer to Question (d)(4) is "Yes" did you raise this issue in the appeal?

Yes ☒ No ☐
(6) If your answer to Question (d)(4) is "Yes" state:
Name and location of the court where the appeal was filed:   West Virginia Supreme Court of Appeals   State Capitol  1900 Kanawha Blvd. East   Charleston, WV 25305
Docket or case number (if you know):  17-0084
Date of the court's decision: June 8, 2018
Result (attach a copy of the court's opinion or order, if available): Order Denying Writ of Habeas Corpus Affirmed
(7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue: N/A

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Filed Petition for Rehearing with the West Virginia Supreme Court of Appeals

3

Jeffrey L. Finley # 3465467  
Mount Olive Correctional Complex  
One Mountainside Way  
Mt. Olive, WV 25185

November 19, 2018

U.S. Courthouse, Robert C. Byrd  
Rory L. Perry, Clerk  
300 Virginia Street, East, RM 2400  
Charleston, WV 25301

**RE: Filing 2254 Federal Habeas**

Mr. Perry:

    Please file the enclosed 2254 Federal Habeas Corpus Petition along with the Application to Proceed Without Prepayment of Fees and Costs.

    The $5.00 filing fee will follow in a separate envelope due to having to request it from the Trustee Clerk.

    As per the instructions, please provide a copy to the West Virginia Attorney General's Office. Please notify me if there is anything else I need to do or if you have questions regarding the filing.

    Thank you for your time and assistance. I look forward to hearing from you soon.

Sincerely,

*Jeff Finley*  
Jeffrey Finley

Enclosures

pc: case file

Jeffrey L. Finley # 3465467
Mount Olive Correctional Complex
One Mountainside Way
Mt. Olive, WV 25185

CORRESPONDENCE FROM
AN INMATE AT MOUNT OLIVE
CORRECTIONAL COMPLEX

NOV 19 2018

U.S. Courthouse, Robert C. Byrd
Rory L. Perry, Clerk
300 Virginia Street, East, RM 2400
Charleston, WV 25301

RECEIVED
NOV 21 2018
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

Correspondence from an
Inmate at Mount Olive
Correctional Complex and Jail





U.S. POSTAGE
ZIP 25186
02 4W
0000355861 $ 002.05⁰
10 NOV 19 2018

LEGAL MAIL